USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: July 20, 2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| OLIVIA MEYER,<br>Plaintiff,<br>-against-<br>SPANISH DANCE ARTS COMPANY, INC., et al.,<br>Defendant. | 25-CV-02782 (MMG)<br>**ORDER APPROVING SETTLEMENT** |

MARGARET M. GARNETT, United States District Judge:

The parties in this action, brought pursuant to the Family and Medical Leave Act of 1993, 29 U.S.C. §§ 260l *et seq.*, Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*, the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, the New York Labor Law, Art. 6 §§ 190 *et seq.*, Art. 19 §§ 650 *et seq.*, New York State Human Rights Laws, NYS Executive Law §§ 296 *et seq.*, and the New York City Human Rights Law, New York City Administrative Code §§ 8-107 *et seq.*, advised the Court that they had agreed to a settlement in principle. *See* Dkt. No. 29. Because the settlement includes resolution of the FLSA claims, the Court directed the parties to submit their settlement agreement and a fairness memorandum. Dkt. No. 32.

Having reviewed the settlement agreement and the parties' joint letter seeking approval of that agreement, *see* Dkt. No. 37, I find that the settlement is fair and reasonable, given both the nature and scope of the Plaintiffs' claim and the risks and expenses involved in additional litigation. *See Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332, 335–36 (S.D.N.Y. 2012). The non-disparagement provision includes the requisite carveout and permits Plaintiff to discuss the litigation of this case. *Vasquez v. A+ Staffing LLC*, 746 F. Supp. 3d 26, 44 (E.D.N.Y. 2024). Furthermore, while the release or waiver provision releases unaccrued claims unrelated to wage-and-hour matters, these releases are mutual between the parties and fitting given the wide array of claims encompassed in this particular lawsuit. *Lola v. Skadden, Arps, Meagher, Slate & Flom LLP*, No. 13-CV-05008 (RJS), 2016 WL 922223, at *2 (S.D.N.Y. Feb. 3, 2016) ("[T]here is nothing inherently unfair about a release of claims in an FLSA settlement."). The settlement payment also exceeds Plaintiff's likely recovery under her FLSA claim, obviating any concern that the employer "withheld the wages Plaintiff was due to extract a general release." *Strauss v. Little Fish Corp.*, No. 19-CV-10158 (LJL), 2020 WL 4041511, at *6 (S.D.N.Y. July 17, 2020). Plaintiff also no longer works with Defendants. *See Souza v. 65 St. Marks Bistro*, No. 15-CV-00327 (JLC), 2015 WL 7271747, at *5 (S.D.N.Y. Nov. 6, 2015) (commenting that a general release "with former employees who have no ongoing relationship with the employer . . . makes sense in order to bring complete closure"). Last, Plaintiff was represented by competent counsel throughout this litigation.

The settlement approval is subject to the following condition: Any modification of the settlement agreement must be approved by the Court, regardless of any provision in the agreement that purports to allow the parties alone to modify it.

In addition, Plaintiff seeks approval of roughly 33.3% of the settlement amount of $120,000 in attorneys' fees and costs. *See* Dkt. No. 37. Courts in this Circuit typically approve attorneys' fees that range between 30% and 33.33%. *See Guzman v. Joesons Auto Parts*, No. 11-

cv-04543 (ETB), 2013 WL 2898154, at *4 (E.D.N.Y. June 13, 2013) (collecting cases); *see also, e.g.*, *Silverstein v. AllianceBernstein, L.P.*, No. 09-cv-05904 (JPO), 2013 WL 7122612, at *9 (S.D.N.Y. Dec. 20, 2013); *Beckman v. KeyBank, N.A.*, 293 F.R.D. 467, 481 (S.D.N.Y. 2013). In line with that precedent, and with the settlement amount that will remain for plaintiffs in light of the facts of this case, attorneys' fees in the amount of one-third of the recovery is appropriate here.

Accordingly, the settlement is approved, subject to the condition addressed above. The case is DISMISSED with prejudice. All pending motions are moot. All conferences are cancelled. The Clerk of the Court is respectfully directed to close this case.

Dated: July 20, 2026
New York, New York

SO ORDERED.

MARGARET M. GARNETT
United States District Judge